IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-01438-RBJ-KLM

ONE CLEVELAND FINANCE, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BR T&C CORPORATE CENTER M, LLC, a Delaware limited liability company;
BLUEROCK REAL ESTATE, LLC, a Delaware limited liability company;
BR TOWN & COUNTRY CORPORATE CENTER, DST, a Delaware statutory trust;
BR T&C CORPORATE CENTER DST MANAGER, LLC, a Delaware limited liability company;
BR T&C CORPORATE CENTER LEASECO, LLC, a Delaware limited liability company; and
RAMIN KAMFAR, individually,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

---

The parties hereby stipulate:

1.     The purpose of this Stipulated Protective Order is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interests of the parties and non-parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R. Civ. P. 26 (c)(7). This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed by the parties and non-parties to this action pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party may designate as "Confidential" information in any form that is produced, disclosed or otherwise provided during discovery in this litigation if the parties in good faith believe that there is good cause to treat the information as confidential because it contains non-public financial, trade secret, or commercial information. Documents which are filed with any governmental or regulatory agency, such as the Securities Exchange Commission, which documents are available to the public shall not be treated as "Confidential."

4. Documents under this order to be protected from disclosure shall be designated as "Confidential" by the party producing them.

5. "Confidential" information other than documents shall be clearly designated as "Confidential" at the time of disclosure, or by a writing from the attorney for the party claiming confidentiality within ten (10) days following receipt of the transcript or other document that formally memorializes the information.

6. If a party inadvertently fails to designate information as "Confidential" when that information is produced, disclosed, or otherwise provided in this litigation, the party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof, and the information shall thenceforth be treated as if the designation as "Confidential" had been made when the information was first produced, disclosed, or otherwise provided in this litigation.

7. If a party inadvertently disclosed information it believes is subject to any claim of privilege, it shall give notice to the other parties of the inadvertent disclosure promptly upon

discovery thereof. The party that received the information shall return the information and make no use of it in the case.

8. "Confidential" information shall be used solely for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever. "Confidential" information may not be disclosed to anyone unless expressly provided for herein:

    a. A party may, without any waiver of "Confidential" status, disclose to any person "Confidential" information of which it is the source.

    b. A party may disclose "Confidential" information of which it is not the source as follows:

        i) "Confidential" information may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action.

        ii) "Confidential" information may be used in any oral or written argument in the case.

        iii) "Confidential" information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial.

        iv) "Confidential" information may be disclosed to the Court and its personnel, including court reporters.

        v) "Confidential" information may be disclosed to employees and members of the law firms of counsel of record (including in-house counsel for the defendant and employees acting on their behalf).

vi) "Confidential" information may be disclosed to experts and independent consultants engaged by counsel of record, and to employees of such experts or consultants, after they have signed an Affidavit in the form attached as Exhibit A hereto.

vii) "Confidential" information may be disclosed to all parties, including officers, directors, members and employees of the parties, as well as their respective affiliates, parents and subdivisions), both present and former, who are providing assistance to counsel in this matter.

viii) "Confidential" information may be disclosed to any other person if (i) the parties agree after conferring in good faith that the person may have access to "Confidential" information; or (ii) the Court orders upon Motion with good cause shown that the person may have access to "Confidential" information.

9. Except as otherwise provided in this Order, any disclosure or dissemination of "Confidential" information shall be preceded by execution of an Affidavit substantially in the form attached hereto as Exhibit A.

10. Although the confidentiality requirements of this Protective Order shall in all other respects apply to the following persons, such Affidavits shall not be required of:

    a. Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the instant litigation; and

    b. The parties (and their affiliates, parents and subdivisions), or their employees, officers, and directors, to the extent such disclosure is necessary for the carrying out of their respective duties in connection with this litigation.

11. Counsel of record shall retain throughout this litigation the Affidavits executed by parties receiving "Confidential" information pursuant to this Protective Order, and shall then exchange them upon request at the conclusion of the litigation (meaning final judgment and exhaustion of all appeals). If any party has good cause to believe that another party has improperly disclosed "Confidential" information, it may move for an order allowing it to inspect the Affidavits before the conclusion of the litigation.

12. Within one (1) month of the conclusion of this litigation (meaning final judgment and exhaustion of all appeals), everyone other than counsel of record to whom "Confidential" information has been disclosed pursuant to paragraph 8 above shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return at the expense of the designating party of all "Confidential" information and all copies thereof to the party that designated the information as "Confidential," or shall, at the option of the designating party, arrange for the "Confidential" information and all copies thereof to be destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph. If requested to do so by the counsel of record who disclosed "Confidential" information to them, persons other than counsel of record to whom "Confidential" information has been disclosed also shall certify in writing that they have complied with this paragraph.

13. Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

14. The Parties may also designate certain specified information as "Confidential – Attorneys' Eyes Only" in accordance with the procedure set forth in paragraph 3, above, but only to protect trade secrets which have not previously been disclosed to the other parties in this

action. Notwithstanding any other provision in this Order, access to information designated "Confidential – Attorneys' Eyes Only" shall be limited to: (i) outside counsel for the parties to this action, including office associates, paralegals, and clerical employees; (ii) experts or consultants consulted or retained in connection with this action and who have agreed to be bound by the terms of this Protective Order as set forth in paragraph 9 above; and (iii) the Court and its personnel, including court reporters.

15. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY to make an appropriate motion pursuant to RJ Mix's discovery procedures requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as CONFIDENTIAL or

CONFIDENTIAL ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

16.  This Protective Order shall be binding on any future party to this litigation, and shall govern any documents or information requested from or produced by third parties in this action.

17.  This Protective Order shall continue in force after the completion of this litigation.

18.  This Protective Order shall not prohibit a party from disclosing "Confidential" or "Confidential – Attorneys' Eyes Only" information in response to a subpoena duly served on the party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" or "Confidential – Attorneys' Eyes Only" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

19.  In entering into this Protective Order, the parties preserve all rights and objections they may have to the use in this lawsuit of "Confidential" or "Confidential – Attorneys' Eyes Only" information.

20.  This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

21.     Documents or materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall be filed with the Court in accordance with D.C.COLO.LCivR 7.2.

SO STIPULATED:

This 13th day of April, 2012.

Respectfully submitted,

By:     *s/Robert C. Podoll*
       Robert C. Podoll, Esq.
       Robert A. Kitsmiller, Esq.
       PODOLL & PODOLL, P.C.
       5619 DTC Parkway, Suite 1100
       Denver, Colorado 80111
       Telephone: (303) 861-4000

*Attorneys for Plaintiff*


By:     *s/Lee F. Johnston*
       Lee F. Johnston
       Case Collard
       Dorsey & Whitney, LLP
       1400 Wewatta Street, Suite 400
       Denver, Colorado 80202-5549
       Telephone: (303) 629-3400

*Attorneys for Defendants*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-01438-RBJ-KLM

ONE CLEVELAND FINANCE, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BR T&C CORPORATE CENTER M, LLC, a Delaware limited liability company;
BLUEROCK REAL ESTATE, LLC, a Delaware limited liability company;
BR TOWN & COUNTRY CORPORATE CENTER, DST, a Delaware statutory trust;
BR T&C CORPORATE CENTER DST MANAGER, LLC, a Delaware limited liability company;
BR T&C CORPORATE CENTER LEASECO, LLC, a Delaware limited liability company; and
RAMIN KAMFAR, individually,

    Defendants.

---

### ACKNOWLEDGMENT

The undersigned acknowledges that he or she has read the Protective Order in the above-captioned case and agrees to be bound by its terms. The undersigned further consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Protective Order and this Acknowledgment.

_____
(Signature)